UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-60902-CMA

ERIC LEMOINE and
TTC PERFORMANCE PRODUCTS, INC.,

    Plaintiffs,

vs.

MOSSBERG CORPORATION, and
O.F. MOSSBERG & SONS, INC.

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE, AND MEMORANDUM IN SUPPORT**

    COME NOW Defendants, Mossberg Corporation and O.F. Mossberg & Sons, Inc., by and through their undersigned counsel, and hereby respectfully move this Court to (1) dismiss this Case with prejudice, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction over Defendants and Rule 12(b)(3) for improper venue, or (2) in the alternative, to transfer venue to the proper and more convenient forum of the U.S. District Court for the District of Connecticut.

**I.    BACKGROUND**

    Plaintiffs, Eric Lemoine and TTC Performance Products, Inc. ("TTC"), filed this lawsuit in the Southern District of Florida on April 20, 2018.  *See* Doc. 1.  While the Certificate of Service filed by Plaintiffs and attached to the Complaint states, "I HEREBY CERTIFY that a true and correct copy of the foregoing was filed ECF and served via electronic mail on this 15th day of April, 2018," it appears the Complaint was filed on April 20, 2018.  Defendants were first

served on May 2, 2018. After correspondence between counsel for the parties, Plaintiffs filed their Amended Complaint on May 15, 2018, and Defendants' counsel agreed to accept service of the Amended Complaint. *See* Doc. 11.

In their Amended Complaint, Plaintiffs make only the following broad, boilerplate allegations regarding personal jurisdiction:

> 4. This Court has *in personam* jurisdiction over MOSSBERG pursuant to FLA. STAT. § 48.193, in that: (a) MOSSBERG is residing, operating, conducting, engaging or carrying on a business, in the State of Florida; (b) MOSSBERG has committed tortious acts within the State of Florida; and (c) MOSSBERG is engaged in substantial and not isolated activity within the State of Florida.

Doc. 11 at ¶ 4. This language aligns with subsections (1)(a)(1-3) of Fla. Stat. § 48.193. In their Complaint, Plaintiffs provide no basis for their allegations that either Mossberg Corporation or O.F. Mossberg & Sons, Inc.: (1) resides, operates, conducts, engages, or carries on a business in the State of Florida; (2) has committed a tortious act within the State of Florida; or (3) has engaged in substantial and not isolated activity within the State of Florida. In fact, in direct contradiction of at least the first allegation, the Complaint states that Mossberg Corporation resides in the State of Delaware, and that O.F. Mossberg & Sons, Inc. resides in the State of Connecticut. *See id*. at ¶ 7-8.

However, neither Defendant has any connections to this District, and only the most remote contacts to the State of Florida. Defendant Mossberg Corporation resides in the State of Connecticut. *See* Declaration of Joseph H. Bartozzi, attached hereto as Exhibit 1, at ¶¶ 6-7. Neither Defendant resides in the State of Florida. *Id*. O.F. Mossberg & Sons, Inc. is a corporation incorporated and registered in the State of Connecticut, with its principal place of business and registered agent located at 7 Grasso Avenue, North Haven, Connecticut. *Id*. at ¶ 6. Mossberg Corporation is a corporation incorporated and registered in the State of Delaware, with

its principal place of business and registered agent located at 7 Grasso Avenue, North Haven, Connecticut. *Id*. at ¶ 7.

Defendants have only ever had remote contacts with the State of Florida. *Id.* With the exception of sales of its products to third parties in Florida, neither Defendant conducts business in the State of Florida. *Id*. at 8. Defendants do not design, manufacture, service, or repair any products in the State of Florida. *Id*. at ¶ 9. Defendants lease a home office located in the Middle District of Florida and owned by Defendants' retired CEO and current Chairman and located in his part-time, private residence for his use, among other things, in performance of some of his duties as Chairman. *Id*. at ¶ 10. Defendants do not control the premises of the home office, nor restrict the business that may be conducted there by their Chairman that is not related to the Defendants. *Id*. at ¶ 10. Defendants do not own or lease any other real property in the State of Florida. *Id*. at ¶ 12. Defendants do not have a bank account in the State of Florida and have never had a bank account in the State of Florida. *Id*. at ¶ 14.

Any documents related to the accused shotgun product that are in the possession, custody or control of Defendants or are likely to be relevant to the present lawsuit are located in North Haven, Connecticut, in the District of Connecticut. *Id*. at ¶ 15. There are no documents relevant to Plaintiff's infringement accusations that are located in the State of Florida, including in the Southern District of Florida. *Id*. at ¶ 16.

## II. ARGUMENTS AND AUTHORITIES

### A. The Amended Complaint Should be Dismissed As to Both Defendants, Because the Court Lacks Personal Jurisdiction Over Each of Them.

Plaintiffs' Amended Complaint against Defendants must be dismissed, because this Court does not have personal jurisdiction over either of the Defendants. There is a two-step analysis to determine whether this Court has personal jurisdiction over Defendants.

3

1. **Legal Standard.**

First, this Court must determine whether the Complaint alleges sufficient jurisdictional facts to subject the Defendants to long-arm jurisdiction under Fla. Stat. §48.193. *Vance v. Tire Eng'g and Distrib.*, 32 So.3d 774, 776 (Fla. 2nd DCA 2010). Only if Plaintiffs meet this first requirement does this Court need to consider whether Plaintiffs have demonstrated that Defendants have sufficient contacts with Florida to satisfy constitutional due process requirements. *Id.* If the Complaint fails to allege facts sufficient to assert long-arm jurisdiction over Defendants, the Court need not reach the issue of whether Defendants have the requisite minimum contacts with the State of Florida. *Id.*; *see Ernie Passeos, Inc. v. O'Halloran*, 855 So.2d 106, 108 (Fla. 2nd DCA 2003); *Hewitt v. Taffee*, 673 So.2d 929, 932 (Fla. 5th DCA 1996).

2. **Plaintiffs' Complaint Does Not Allege Facts Supporting Long-Arm Jurisdiction.**

Plaintiffs' Complaint alleges no facts that would grant this Court personal jurisdiction over either Defendant under Florida's Long-Arm Statute. Plaintiffs' sole allegation on jurisdiction, reproduced in full above, provides no basis for Florida long-arm jurisdiction. The first and third allegations, that Mossberg resides, operates, conducts, engages, or carries on a business in the State of Florida or has engaged in substantial and not isolated activity within the State of Florida, are false. As acknowledged in Plaintiffs' own Complaint, Defendants are residents of the State of Delaware and Connecticut, not the State of Florida. *See* Ex. 1 at ¶¶ 6-7.

3. **Plaintiffs Have Shown No Minimum Contacts with the State of Florida.**

Even if Plaintiffs had alleged sufficient facts to subject Defendants to Florida's jurisdiction under the long-arm statute, neither Defendant has sufficient minimum contact to the State of Florida to comport with the requirements of Due Process. *See Greentree Fin. Group, Inc. v. Long Fortune Valley Tourism*, 824 F. Supp. 2d 1363 (dismissing for lack of personal

4

jurisdiction due to lack of minimum contacts) (Ungaro, J.).  Even if a nonresident appears to fall within the wording of a long arm statute, a plaintiff may not constitutionally apply the statute to obtain jurisdiction in the absence of the requisite minimum contacts with the forum state.  *Harlo Products Corp. v. Case Co.*, 360 So.2d 1328 (Fla. 1st DCA 1978); *Jack Pickard Dodge, Inc. v. Yarbrough*, 352 So.2d 130 (Fla. 1st DCA 1977). "The mere proof of any one of the several circumstances enumerated in Fla. Stat. § 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts." *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 503 (Fla.1989).

The Eleventh Circuit has adopted a three-part test for evaluating minimum contacts. "First, the contacts ***must be related to the plaintiff's cause of action***[.] Second, the contacts ***must involve some act*** by which the defendant purposefully avails itself of the privilege of conducting activities within the forum[.] Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (emphasis added).  "The plaintiff bears the burden of making out a *prima facie* case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  Even when there is contact with the forum state, it still may not rise to the level of conferring personal jurisdiction.  There must "be some act by which the defendant purposefully avails itself to the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Reiss v. Ocean World, S.A.*, 11 So.3d 404, 407 (Fla. 4th DCA 2009) (citing *Burger King* at 475).

Here, Defendants respectfully submit that subjecting them to personal jurisdiction in this Court would violate the Due Process Clause of the Fourteenth Amendment. There are no

meaningful contacts between either of the Defendants and Florida that could give rise to personal jurisdiction. In short, Defendants have no contacts with the State of Florida and categorically no reason to anticipate being haled into court in this State. Plaintiffs' Complaint should be dismissed because this Court lacks personal jurisdiction over either Defendant.

### B. This Amended Complaint Should be Dismissed for Improper Venue under Rule 12(b)(3).

#### 1. Legal Standard.

On a motion under Rule 12(b)(3), Plaintiff bears the burden of showing that venue in this forum is proper. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006); *Maresca v. Marela, LLC*, No. 6:09-cv-1386-Orl-19DAB, 2010 WL 745755, at *1 (M.D. Fla. Feb. 26, 2010). For patent infringement actions, 28 U.S.C. § 1400(b) is the sole statute that dictates whether venue is proper. *TC Heartland*, 137 S. Ct. 1514 (2017), at 1518 (Section 1400(b) "constitute[s] 'the exclusive provision controlling venue in patent infringement proceedings'" (quoting *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942)). Section 1400(b) provides that an action for patent infringement may be brought in the judicial district:

(1) where the defendant resides, or

(2) where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).

Under the first prong of the patent venue statute, a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. If the defendant does not reside in this district, venue can be satisfied if the second prong of the patent venue statute is satisfied. The second prong contains two elements, both of which must be shown. First, the plaintiff must show that the defendant has committed acts of infringement within the district. *In re Cray Inc.*,

6

871 F.3d 1355, 1360 (Fed. Cir. 2017). Second, the plaintiff must show that the defendant maintains a regular and established place of business within the district. *Id*. For this second element, the plaintiff must show that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id*.

### 2. Venue is Improper in This District

The Complaint should be dismissed or transferred pursuant to Federal Rule of Civil Procedure 12(b)(3), as Plaintiffs have brought this case in an improper venue. As an initial matter, Plaintiffs admit that Defendants are residents of either Delaware or Connecticut and therefore do not reside in this district. (Doc. 1, ¶¶ 7-8). Thus, Plaintiffs bear the burden of showing that the two elements of the second prong of the patent venue statute are met – specifically, that Defendants committed acts of infringement in this district ***and*** that Defendants maintain a regular and established place of business within this district. 28 U.S.C. § 1400(b). As set forth below, Plaintiffs are unable to show that either element is present.

#### a. Plaintiffs' Complaint Fails to Allege that Defendants Committed Acts of Infringement in This Judicial District

Plaintiffs allege in their Amended Complaint that "[v]enue is proper in this District under 28 U.S.C. § 1391(b) because MOSSBERG has conducted acts in this District, and substantial part of the events giving rise to the claim occurred in this District." (Doc. 11, ¶ 5). As noted above, the Supreme Court has held that Section 1400(b) is the sole venue statute for patent infringement actions. Section 1400(b) requires that the "defendant committed acts of infringement" in this district, not that the alleged harm occurred in this district.

This defect in Plaintiffs' Complaint does not appear to be a mere oversight. An examination of the specific allegations in the Complaint reveals that Plaintiffs failed to make the

7

requisite showing that Defendants committed acts of infringement in this district. Specifically, Plaintiffs allege that "[o]n February 27, 2018, Black Aces purchased a Mossberg Model 590M shotgun." No factual allegation as to where this sale took place is made, nor is it alleged that either Defendant sold the shotgun. Similarly, none of the other factual allegations in the Amended Complaint are alleged to have occurred in this district.

### b. Defendants Do Not Have a Regular and Established Place of Business in This District

Even if Plaintiffs were able to satisfy their burden of showing that Defendants committed acts of infringement in this district, venue is nevertheless improper here, as Defendants do not have a regular and established place of business in this district.

In their Amended Complaint, Plaintiffs do not even allege that the Defendants have a regular and established place of business in this district. Furthermore, even had a boilerplate allegation been made, it would have no factual support. While Defendants have acknowledged leasing home office space for their Chairman in the Middle District of Florida, such a premise cannot be considered a regular and established place of business. As noted above, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The home office is not in the Southern District. Ex. 1 at ¶ 10. It is not a regular place of business in that it is used for other purposes and only sporadically for the Chairman to conduct business on behalf of the Defendants. *Id.* at ¶ 11. Lastly, a home office located in a private residence is certainly *not* the place of either of the Defendants.

### C. Venue is Only Proper in the District of Delaware or the District of Connecticut

As noted above, Section 1400(b) provides two tests for venue. The first, is the District Courts of the state of residence, and, for corporations, that is the state in which they are

incorporated. For the Defendants, that is the State of Delaware or Connecticut, and venue would be appropriate with the District of Delaware or the District of Connecticut. The second test is a venue in which acts of infringement occurred and the Defendants have a regular and established place of business. All relevant actions by Defendants would have occurred in the State of Connecticut where the Defendants have their corporate headquarters. Accordingly, the District of Connecticut would also be a statutorily permissible venue.

### D. The Case Should Be Transferred to the District of Connecticut

Federal Rule of Civil Procedure 12(b)(3) contains the mechanism for objecting to improper venue, and 28 U.S.C. § 1406 provides the remedy. Specifically, section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As discussed above, such districts are the District of Delaware and the District of Connecticut.

Courts in this circuit generally favor transfer over dismissal. *See, e.g., Patent Holder LLC*, 2017 WL 5032989, *8 ("When deciding whether to transfer or dismiss, district courts should generally favor transfer over dismissal."); *Ferris v. Rollins Coll., Inc.*, No. 1:08-00039-Civ, 2008 WL 4569872, *5 (N.D. Fla. Oct. 9, 2008) ("Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is time consuming and may be justice-defeating." (quoting *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059-60 (N.D. Ill. 2002)). Venue is proper in the District of Connecticut because Defendant O.F. Mossberg & Sons, Inc., is incorporated there; alleged acts of infringement would have occurred there; and Defendant has a regular and established places of business in Connecticut under Section 1400(b). Venue is also proper in the District of Delaware as Defendant Mossberg Corporation is incorporated there. However, Defendants' witnesses and

9

documents are most likely to be located within the District of Connecticut.  Furthermore, design, marketing, testing, and other activities related to the accused products would have occurred in the District of Connecticut. Accordingly, since this action could have been brought in the District of Connecticut, Defendants' alleged acts of infringement occurred there, and Defendants' witnesses and documents are located there, transfer of this action to the District of Connecticut is proper.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the present motion to dismiss or transfer for improper venue and, should this Court chose not to dismiss, transfer the present action to the United States District Court for the District of Connecticut.

### IV.     PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

(A)     Dismissing Plaintiffs' Complaint against each Defendant with prejudice, for lack of personal jurisdiction;

(B)     Dismissing Plaintiffs' Complaint against each Defendant for improper venue; or, in the alternative, transferring this action to the United States District Court for the District of Connecticut.

Dated:  May 25, 2018                    Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**


*/s/ Steven E. Brust*
Steven E. Brust
Florida Bar No. 832091
Bank of America Tower
50 N. Laura Street, Suite 2600
Jacksonville, Florida  32202
Tel:  904-598-6100
Fax:  904-598-6300
Email:  sbrust@sgrlaw.com


## CERTIFICATE OF SERVICE

I CERTIFY that on May 25, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.


 */s/ Steven E Brust*
Steven E. Brust